UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TENTANDTABLE.COM, LLC

                Plaintiff,

    vs.                                                                             21-cv-1318-LJV

GORILLA BOUNCE LLC,

                Defendant.

_____


# TENTANDTABLE.COM, LLC'S MEMORANDUM OF LAW
# IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT

 

**HODGSON RUSS LLP**
*Attorneys for TENTANDTABLE.COM, LLC*
Robert J. Fluskey Jr.
Emily J. Florczak
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 856-4000
*rfluskey@hodgsonruss.com*
*eflorcza@hodgsonruss.com*

# **TABLE OF CONTENTS**

PAGE

**PRELIMINARY STATEMENT** ............................................................................................... 1

**SUMMARY OF RELEVANT FACTS** ..................................................................................... 2

**ARGUMENT**.................................................................................................................................. 5

    **I.**     **THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS** ........................................................................... 5

    **II.**     **PLAINTIFF HOME INSTEAD IS ENTITLED TO AN AWARD OF COSTS AND ATTORNEYS' FEES** ............................................ 8

**CONCLUSION** ........................................................................................................................... 10

# **TABLE OF AUTHORITIES**

PAGE

**Federal Cases**

*Bambu Sales, Inc. v. Ozak Trading Inc.*,
　58 F.3d 849 (2d Cir. 1995)..................................................................................................8

*Designer Greetings, Inc. v. Shah*,
　No. 14-CV-5936 (JS)(SIL), 2017 WL 991085 (E.D.N.Y. Jan. 31, 2017)................................9

*Flaks v. Koegel*,
　504 F.2d 702 (2d Cir. 1974)..................................................................................................6

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,
　973 F.2d 155 (2d Cir. 1992)..................................................................................................6

*Home Instead, Inc. v. Tina Marie Markle and Home Care*,
　Case No. 6:19-cv-06842-EAW (W.D.N.Y. Mar. 9, 2021) ......................................................6, 8

*Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*,
　No. 11 Civ. 5980 (RA), 2013 WL 5977440 (S.D.N.Y. Nov. 12, 2013) ...................................6

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
　676 F.3d 83 (2d Cir. 2012)....................................................................................................8

*Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*,
　702 F. Supp. 2d 104 (E.D.N.Y. 2010) ...................................................................................9

*Malletier v. Artex Creative Int'l Corp.*,
　687 F. Supp. 2d 347 (S.D.N.Y. 2010).....................................................................................9

*Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*,
　317 F.3d 209 (2d Cir. 2003)..................................................................................................8

*Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC*,
　553 F. Supp. 2d 201 (E.D.N.Y. 2008) ...................................................................................9

*The American Automobile Association, Inc. v. AAA Logistics, Inc.*,
　No. 18-cv-06040-FPG, 2019 WL 1349283 (W.D.N.Y. Mar. 26, 2019)..............................6, 8

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*,
　109 F.3d 105 (2d Cir. 1997)..................................................................................................6

# TABLE OF AUTHORITIES - cont'd

PAGE

**Federal Statutes**

15 U.S.C. § 1117............................................................................................1, 7, 8, 11

15 U.S.C. § 1118..............................................................................................................10

15 U.S.C. § 1125.....................................................................................................1, 7, 10


**Rules**

Fed. R. Civ. P. 54..................................................................................................1, 7

Fed. R. Civ. P. 55..................................................................................................1, 5

Plaintiff TENTANDTABLE.COM, LLC ("TAT" or "Plaintiff") submits this Memorandum of Law in support of its motion for default judgment against Defendant Gorilla Bounce ("Gorilla Bounce" or "Defendant").

**Preliminary Statement**

This is an action for trade dress infringement in violation of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1125(a), and for trade dress infringement and unfair competition under the common law of the State of New York.

This action arises out of Defendant's knowing and willful violation of TAT's rights in its distinctive black and yellow trade dress marks on air blowers (collectively, the "TAT marks"). Defendant has used and continues to use the TAT marks in connection with the sale of air blowers that bear an identical appearance. Defendant has made such use and continues to use the TAT marks without authorization. Defendant has been on notice since July 2021 that it is not authorized to use the TAT marks.

Under Federal Rule of Civil Procedure 55(b)(2), TAT is entitled to entry of default judgment and to the relief available under federal and state law. Specifically, TAT respectfully requests that this Court: (1) permanently enjoin Defendant from using the TAT marks without authorization; and (2) enter a judgment of $11,092.00 in attorneys' fees and $682.00 in costs (a total judgment of $11,774.00) against Defendant under Federal Rule of Civil Procedure 54(d)(1)-(2) and 15 U.S.C. § 1117. *See* Declaration of Robert J. Fluskey in Support of Plaintiff's Request for Attorneys' Fees and Costs, dated March 22, 2022 ("Fluskey Dec.") at ¶ 18, Ex. 5.

## Summary of Relevant Facts

### Plaintiff's Trade Dress Marks

Plaintiff TentandTable.com, LLC ("TAT") is in the business of supplying commercial equipment for purchase or rent for party events. *See* Compl. ¶ 5; Dkt. No. 1. TAT's business includes the sale and lease of tents, tables, chairs, inflatable equipment, and other related equipment, including air blowers for bounce houses and other equipment. *Id.*

Importantly, much of TAT's success and notoriety stem from the high-powered functionality of its air blowers, which are specifically designed with maximum efficiency of electrical components. *Id.* at ¶ 16. The air blowers are designed with distinctive black and yellow colors. *Id.* at ¶ 14. Below are photographs of TAT's air blowers, demonstrating the distinctive color design:



In addition to the distinctive black and yellow design, TAT's air blowers are designed with highly efficient standards, so that the motor, air vent, and blower consume 15% less power while providing 20% more air pressure over other models. *Id.* TAT's blower feature also bears an innovative design with dual air intake, which permits the fan and motor to utilize a larger airflow system. *Id.* TAT sells this blower in a variety of horsepower and motor size options, including 1.0 HP, 1.5 HP, 2.0 HP, and 3.0 HP. *Id.* at ¶ 15. Each model features a signature stackable design, should multiple blowers be required for multiple bounce houses and other related equipment, as well as water-resistant PVC housing, a 15-gauge and lighted cord, and bear a convenient, built-in carrying handle. *Id.* at ¶¶ 17-18. Importantly, ***all models bear the signature black and yellow trade dress marks, signifying TAT's specifically designed product***. TAT has sold air blowers with this distinctive color design since March 1, 2015. *Id.* at ¶ 21.

TAT carefully monitors and polices the use of its marks. *Id.* at ¶¶ 29-30. TAT maintains full control and ownership over its marks and their use. *Id.*

**<u>Defendant's Infringing Activities</u>**

Upon information and belief, as of July 2021, Defendant was engaged in the sale of air blowers bearing TAT's identically distinctive black and yellow trade dress marks (the "Infringing Blowers"). *Id.* at ¶ 37, Ex. C. Defendant sold the Infringing Blowers on both Amazon.com and its own website. *Id.* at ¶¶ 28-29, Exs. A and B. As of March 14, 2022, Defendant continues to sell the Infringing Blowers on Amazon.com and its personal website. *See* Fluskey Dec., ¶ 14, Ex. 4.

The air blowers created and designed by TAT are identical to the Infringing Blowers sold by Defendant. Below is a photograph demonstrating the identical nature of the blowers:


TAT's Blower:


The Infringing Blower:

Defendant's manufacturing, marketing, sale, and offering for sale of the Infringing Blowers creates a likelihood of confusion as to the source, affiliation, or sponsorship of the air blowers, and further, creates wrongful and unfair competition as the blowers are sold through overlapping channels of trade to the same customers. *See* Compl. ¶¶ 35-36.  As such, there is great likelihood of confusion, public mistake, deception, and an infringement of TAT's incontestable rights of its protected and distinct trade dress design.

**This Action and Defendants' Default**

On July 8, 2021, TAT sent a letter to Defendant placing it on actual notice of TAT's trade dress rights in the air blowers. *Id*. at ¶ 37.  TAT demanded that Defendant cease use of the TAT marks. *Id.*  By letter dated September 8, 2021, TAT again informed Defendant that it was violating its trade dress rights. *Id.* at 38. Defendant has ignored both letters, provided no

response, failed to appear in this action, and continues to infringe. *Id.* at ¶ 39. Despite TAT's good faith attempts to resolve the trade dress infringement, Defendant has refused to stop using TAT's trade dress in its Infringing Blowers, and such infringement is knowing, willful, intentional, and malicious.

TAT has complied with all of necessary formalities. TAT filed its Complaint in this action on December 30, 2021. *See* Dkt. No. 1; Fluskey Dec., ¶ 9. Defendant was served via the Secretary of State on January 31, 2022. *See* Fluskey Dec, ¶ 10, Ex. 3.

No person or entity appeared or otherwise indicated an intent to proceed in this action on behalf of defendants within the 21-day timeframe for responding to the Complaint. *See* Fluskey Dec., ¶ 11. Accordingly, on March 17, 2022, TAT requested Entry of Default by the Clerk of the Court under Federal Rule of Civil Procedure 55(a). *See* Dkt. No. 8; Fluskey Dec., ¶ 11. On March 17, 2022, the Clerk of the Court entered default against defendants. *See* Dkt. No. 9; Fluskey Dec., ¶ 12.

TAT now seeks entry of judgment by default from this Court and a permanent injunction.

## Argument

### I.  THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS

Federal Rule of Civil Procedure 55 permits the Court to enter a judgment by default against a party when that party has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55. TAT seeks injunctive relief against

Defendant (instead of damages), plus attorneys' fees and costs, and therefore brings this motion pursuant to Rule 55(b)(2).

TAT is entitled to judgment against Defendant on the basis of the facts and allegations in TAT's Complaint. Upon entry of default, the well pleaded factual allegations of the complaint are taken as true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997) ("It is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted."); *Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, No. 11 Civ. 5980 (RA) (JLC), 2013 WL 5977440, at *4 (S.D.N.Y. Nov. 12, 2013), *report and recommendation adopted*, No. 11 Civ. 5980 (RA) (JLC), 2014 WL 112397 (S.D.N.Y. Jan. 8, 2014) ("In light of [the defendant's] default, a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor.").

In two similar cases, this Court recently granted a plaintiff's motion for default judgment due to the defendant's failure to plead or otherwise defend itself from plaintiff's trademark infringement action against it. *See The American Automobile Association, Inc. v. AAA Logistics, Inc.*, No. 18-cv-06040-FPG, 2019 WL 1349283 (W.D.N.Y. Mar. 26, 2019); Fluskey Dec., ¶ 22, Ex. 6 (attaching Order); *see also Home Instead, Inc. v. Tina Marie Markle and Home Care*, Case No. 6:19-cv-06842-EAW (W.D.N.Y. Mar. 9, 2021); Fluskey Dec., ¶ 23, Ex. 7 (attaching Order).

In both *American Automobile Association, Inc.*, and *Home Instead, Inc. v. Tina Marie Markle and Home Care,* like here, plaintiff followed the specific process required to

obtain a default judgment, and the Clerk of the Court entered default accordingly. *Id.* Due to the correct procedural showing and the well-established evidence of a intellectual property rights and the resulting infringement, the Court granted plaintiff's motion for default judgment and found plaintiff was entitled to a permanent injunction to enjoin defendant from all infringing activities. *Id.*

As set forth in the Complaint, and above, Defendant unlawfully used and continues to use the TAT marks, despite having full knowledge that it is not authorized to use those marks. Defendant is not affiliated with or authorized by TAT.  But, it continues to sell and market Infringing Blowers bearing TAT's— which are precisely the same goods offered by TAT.  *See* Compl. at ¶¶ 26-32. Defendant is making unauthorized use of the TAT marks in an attempt to benefit from an apparent association or affiliation with TAT, which has developed its own goodwill with customers in relation to its products due to the specific design, efficiency, and power of TAT's air blowers.  *See* Compl. at ¶¶ 12-25.

Defendant's unlawful and unauthorized use of the TAT marks has confused and is likely to continue to confuse consumers, causing them to believe, erroneously, that defendants' services are approved or endorsed by, or otherwise affiliated with, TAT. *Id.* at ¶¶ 22-25, 32-36. Moreover, Defendant's use of the TAT marks has lessened the distinctiveness of the marks and has harmed the goodwill and reputation that TAT has developed under its marks.  *Id.*

Accordingly, based on the facts and allegations pleaded in its Complaint, TAT is entitled to a permanent injunction to enjoin Defendant from all continued trade dress infringement in violation of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §1125(a), and for an injunction to enjoin Defendant from all continued trademark infringement and unfair competition pursuant the common law of the State of New York.

II.   **PLAINTIFF HOME INSTEAD IS ENTITLED TO AN
AWARD OF COSTS AND ATTORNEYS' FEES**

In addition to a permanent injunction, TAT is also entitled to the costs of this action.  *See* Fed. R. Civ. P. 54(d)(1) (costs "should be allowed to the prevailing party") *and* 15 U.S.C. § 1117(a) ("When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office . . . shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, . . . subject to the principles of equity, to recover . . . the costs of action.").

In addition, TAT is entitled to its reasonable attorneys' fees, which are awarded in "exceptional cases" under the Lanham Act.  15 U.S.C. § 1117(a).  Cases are considered "exceptional" when infringement is "willful" or perpetrated in bad faith.  *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 108–09 (2d Cir. 2012) (citing *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003)).  "The finding of willfulness determines the right to attorney's fees."  *See Louis Vuitton*, 676 F.3d at 111 (citing *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)).

Again, in two cases with identical facts, this Court granted a plaintiff's request for attorneys' fees due to the plaintiff's showing of willfulness of the defendant's infringing activities.  *See The American Automobile Association, Inc. v. AAA Logistics, Inc.*, No. 18-cv-06040-FPG, 2019 WL 1349283 (W.D.N.Y. Mar. 26, 2019); Fluskey Dec., ¶ 22, Ex. 6 (attaching Order); *see also Home Instead, Inc. v. Tina Marie Markle and Home Care*, Case No. 6:19-cv-06842-EAW (W.D.N.Y. Mar. 9, 2021); Fluskey Dec., ¶ 23, Ex. 7 (attaching Order). In *American Automobile Association* and *Home Instead, Inc.*, like here, the defendants refused to stop using

the protected marks, despite plaintiff's attempted pre-suit communications with defendant to resolve the infringing activities. *Id*. at *1. The defendants in *American Automobile Association* and *Home Instead, Inc.*—like here—continued using the registered mark. *Id*. Defendant has acted in an identical manner. On July 28, 2021, counsel for TAT wrote to Defendant, notified it of the improper use of the TAT trade dress marks, and demanded that it cease use of the TAT mark. *See* Compl., Dkt. No. 1 at ¶ 37. Counsel for TAT wrote to Defendant again on September 8, 2021, again requesting that Defendant cease all use of TAT's protected trade dress marks. *Id*. at ¶ 38. To date, Defendant has not responded to TAT or to this lawsuit. Defendant's willful use of the TAT trade dress marks has continued to the present on Defendant's Amazon page as well as on its website. *See* Fluskey Dec., ¶ 14, Ex. 4.

A court may also "infer that the defendants acted willfully, by virtue of their default." *Malletier v. Artex Creative Int'l Corp.*, 687 F. Supp. 2d 347, 354 (S.D.N.Y. 2010) (awarding attorneys' fees under Lanham Act) (citations omitted). Allegations in the complaint "as well as defendants' failure to appear" can "establish that defendants acted willfully, thus entitling Plaintiff to an award of attorneys' fees." *See Designer Greetings, Inc. v. Shah*, No. 14-CV-5936 (JS)(SIL), 2017 WL 991085, at *3 (E.D.N.Y. Jan. 31, 2017), *report and recommendation adopted*, No. 14-CV-5936 (JS) (SIL), 2017 WL 972101 (E.D.N.Y. Mar. 10, 2017); *see also Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 117 (E.D.N.Y. 2010) ("By virtue of their default, defendants have admitted plaintiffs' allegation that they acted knowingly and intentionally or with reckless disregard or willful blindness to plaintiffs' rights. Accordingly, plaintiffs are entitled to statutory damages."); *Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC.*, 553 F. Supp. 2d 201, 208 (E.D.N.Y. 2008)

(accepting well-pleaded allegations of willfulness as true and awarding attorneys' fees under Lanham Act).

Here, Defendant's continuing infringing activities, as well its default, demonstrates willfulness, and makes this case exceptional. TAT is thus entitled to an award of costs and attorneys' fees.

## Conclusion

TAT has demonstrated that Defendant's actions violate 15 U.S.C. §§ 1125(a), New York state law, and common law. TAT is therefore entitled to relief that will prohibit Defendant from continuing its unlawful use of the TAT marks, thereby preventing further infringement and of the TAT marks.

Accordingly, TAT respectfully requests that this Court enter judgment in its favor against Defendant on all counts in the Complaint and that it grant TAT the following relief:

1. Enjoin and restrain Defendant, its agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

(a) Using without the authorization of TAT any of its trade dress rights, specifically including the air blowers with the distinctive black and yellow color design, or that is confusingly or deceptively similar to any of TAT's trade dress rights, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, on or in relation to any goods or services sold or distributed by the defendants, or in any other manner; and

    (b) Using TAT's trade dress marks in any form or manner that would tend to identify or associate Defendant or its business or services with TAT, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

  2. Order Defendant, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, including all social media content, stationery, software, and any other items in its possession or control which contain the infringing designations of the TAT air blowers, specifically including any use or reference of the black and yellow air blowers, alone or in combination with other images, words, or symbols.

  4. Order Defendant to file with the Court and to serve on TAT, within thirty (30) days after entry of this injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

  5. Order Defendant to pay to TAT the costs of suit and TAT's reasonable attorneys' fees and costs, totaling $11,774.00, in accordance with 15 U.S.C. § 1117 and New York law; and

  6. Award such other and further relief as the Court deems just and proper.

Dated:  March 22, 2022

          **HODGSON RUSS LLP**

          By:  s/ Robert J. Fluskey
               Robert J. Fluskey Jr.
               Emily J. Florczak
          The Guaranty Building
          140 Pearl Street, Suite 100
          Buffalo, New York  14202
          Telephone:  (716) 856-4000
          *rfluskey@hodgsonruss.com*
          *eflorcza@hodgsonruss.com*